IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARTIS DOW, # R00705, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SEAN FURLOW, JEFFREY HOCH, )<br>MARCUS MYERS, and )<br>SHERRY BENTON, )<br>)<br>Defendants. ) | Case No. 14-cv-1415-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Artis Dow, currently incarcerated at Menard Correctional Center ("Menard"), brings this *pro se* civil rights action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks monetary damages.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

The following facts are relevant to the Court's threshold review: On April 13, 2014, Plaintiff, who was seated eating dinner in the dining hall at Pinckneyville, was assaulted by another inmate, identified as Owens. (Doc. 1, p. 3). Owens came up behind Plaintiff, and hit Plaintiff with a closed fist in the facial area. *Id. at 5*.

Moments before this incident, a fight broke out just outside the dining hall between two inmates: one identified as a member of the Gangster Disciple organization and the other a member of the Black P. Stones organization. *Id*. at 3. Plaintiff alleges that in retaliation, inmate Owens, a Gangster Disciple, led other Gangster Disciples in an assault on members of the Black P. Stones. *Id*. at 4. A brawl ensued involving several inmates from both organizations. Guards ordered the inmates to cease fighting, but the altercation continued until pepper spray was used to regain order. *Id*. at 5. The incident inside the dining hall, which led to a lockdown at Pinckneyville, was captured on a surveillance camera.

Following the incident, Defendant Furlow, an officer with internal affairs, interviewed Plaintiff. Plaintiff admitted that he was affiliated with the Stones, but denied any involvement in the fight. *Id*. at 6-7. At that time, Plaintiff and Furlow viewed the surveillance tape together.

Plaintiff maintains that the tape shows he did not fight back or join in any assault. *Id*. Nonetheless, Furlow wrote a disciplinary report against Plaintiff, which charged that Plaintiff had committed the following offenses in violation of IDOC regulations: dangerous disturbances (504.105); gang or unauthorized organizational activity (504.205); fighting (504.301); and disobeying a direct order (504.403). *Id*. at 22.

On April 17, 2014, Plaintiff appeared before Defendants Jeffrey Hoch and Marcus Myers, member of the adjustment committee. *Id*. A summary report from the proceedings indicates that Plaintiff pled not guilty to the charges and stated, "I am a Stone. I didn't swing back." *Id*. Plaintiff maintains that during the hearing he requested that he be given an opportunity to call witnesses. *Id*. He also claims that he asked Defendants Hoch and Myers to review the surveillance video before making their determination. *Id*. While Plaintiff was present, Hoch and Myers did not review the video. Instead, "on the spot" they found Plaintiff guilty of each of the charged offenses. *Id*. at 9 and 22. The written report from the adjustment committee notes that the basis for the decision was Plaintiff's "partial admission of guilt of being a (Stone) and video showing [Plaintiff] assisting in the disturbance in the dietary." *Id*. at 22.

Based on the seriousness of the offense, Plaintiff was sentenced to 1 year C-Grade level, 1 year segregation, 1 year loss of good conduct credit, a level 1 transfer, and 6 month restriction on contact visits. *Id*. at 23. Plaintiff appealed the decision to the Administrative Review Board ("ARB"); Defendant Sherry Benton, on behalf of ARB, denied Plaintiff's appeal and found no violation of Plaintiff's due process rights. *Id*.

## Discussion

When an inmate seeks damages for an alleged harm that touches not only on the conditions of confinement, but also the duration of confinement, the Court must first determine

whether the claim is properly brought as a civil rights action or should, instead, be filed as a habeas petition pursuant to 28 U.S.C. § 2241.  On this question, the Supreme Court has offered the following guidance:

> Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement.

*Muhammad v. Close*, 540 U.S. 749, 750-51 (2004) (citation omitted).

The case before the Court appears to be one of those hybrid cases.  Plaintiff is seeking monetary relief, which is unavailable in a habeas proceeding.  However, in order to establish that he is entitled to relief under § 1983, Plaintiff would have to prove that he was issued a false disciplinary report and/or denied due process, which would call into question the validity of the loss of good conduct credits ("GCC").  Even though the reinstatement of GCC is not what Plaintiff appears to be seeking, a § 1983 claim must be dismissed if its establishment "would . . . necessarily imply the invalidity of the deprivation of [the] good-time credits."  *Edwards v. Balisok*, 520 U.S. 641, 646 (1997).

Plaintiff maintains that he was innocent and should not have been convicted of any of the alleged violations.  Plaintiff contests the disciplinary hearing committee's findings on the basis that the committee did not allow him to call witnesses and it did not consider evidence that would have exonerated Plaintiff.  Similarly, the plaintiff in *Edwards* claimed he was denied the opportunity to put on a defense by calling witnesses who "possessed exculpatory evidence." *Id*.  In that case, the Supreme Court noted, "This is an obvious procedural defect, and state and federal courts have reinstated good-time credits (absent a new hearing) when it is established."

*Id*. at 647.  Likewise, Plaintiff's due process claim, if established, would necessarily call into question the loss of good conduct time.  As such,

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (emphasis in original).  "We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action.  Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489.

Plaintiff may challenge his loss of good conduct time in a habeas corpus action pursuant to 28 U.S.C. § 2254, but only after he has presented all of his claims to the Illinois courts.  Ordinarily, this will involve raising every issue at trial or in a post-conviction motion, and appealing any adverse decisions to the Illinois Appellate Court and the Illinois Supreme Court.  Accordingly, this claim is dismissed without prejudice to Plaintiff bringing his claims in a properly filed habeas corpus action, ***but only after he has exhausted his state court remedies***.  Obviously, nothing herein shall be construed as a comment on the merits of such a claim.

### Disposition

**IT IS HEREBY ORDERED** that this case (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice may count as a strike, so

long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr.* 150 F.3d 810, 811 (7th Cir. 1998).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e)[1] may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATE: January 29, 2015**

s/ STACI M. YANDLE
United States District Judge

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e).